IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MIKE SETTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01220-STA-jay |
| ) | |
| MICHAEL PARRIS, ) | |
| ) | |
| Respondent. ) | |

ORDER DISMISSING § 2241 PETITION,
CERTIFYING THAT APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Mike Settle has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241.  (ECF No. 2.)  The pleading is before the Court for preliminary review.  *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . unless it appears from the application that the applicant or person detained is not entitled thereto."); *Harper v. Thoms,* No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002) (affirming dismissal of federal prisoner's § 2241 petition on preliminary review).  For the following reasons, the Petition is **DISMISSED**.

**BACKGROUND**

On May 5, 2000, Settle pleaded guilty before United States District Judge James D. Todd to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  (*United States v. Settle*, No. 1:99-cr-10073-JDT-1, ECF No. 31 (W.D. Tenn.).)  He was determined to be subject to a minimum sentence of fifteen years of incarceration under the Armed Career Criminal Act,

18 U.S.C. § 924(e). (Presentence Report at 6, 19.) His designation as an armed career criminal was predicated on one Tennessee conviction for aggravated burglary, six Tennessee convictions for aggravated robbery, and two Tennessee robbery convictions. (*Id.* at 6, 11-14.) On August 2, 2000, Settle received a sentence of 262 months' imprisonment, to run consecutively to any previous state or federal sentence and to be followed by a three-year period of supervised release. (*Settle*, No. 1:99-cr-10073-JDT-1, ECF No. 35.)

In 2003, Settle filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (*Settle v. United States*, No. 03-cv-1167-JDT-egb, ECF No. 1 (W.D. Tenn.).) He asserted that "[h]is guilty plea was invalid because the Court did not inform him that he would not begin serving his federal sentence until he was received in federal custody; . . . [h]e received ineffective assistance of counsel which rendered his guilty plea invalid; and . . . [h]e was denied due process because the Court failed to inform him that his federal sentence would run consecutively to th[e] state sentence." *Settle v. Phillips*, No. 1:15-CV-1076-JDB-EGB, 2016 WL 705225, at *3 (W.D. Tenn. Feb. 19, 2016). On June 18, 2007, the petition was dismissed as untimely. *Id.* "On February 5, 2008, the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability[.]" *Id.* Settle subsequently filed numerous applications with the Court of Appeals for permission to file a second or successive § 2255 petition, all of which were denied. *See id.* at *3–4 (detailing Petitioner's numerous collateral filings through 2015).

## DISCUSSION

On September 17, 2020, Settle filed the Petition in the Eastern District of Tennessee, once again challenging his federal sentence. The case was transferred to this District on September 22, 2020. In the Petition's sole claim, Settle challenges Judge Todd's decision to impose his federal sentence consecutively to his state sentence. He asserts that he is entitled to

resentencing pursuant to the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017).  In that case, the Supreme Court considered the scope of "the sentencing court's discretion to consider a mandatory minimum sentence under [18 U.S.C.] § 924(c) when imposing a sentence on the underlying predicate crime."[1]  *Harper v. United States*, 792 F. App'x 385, 388 (6th Cir. 2019), *cert. denied*, 141 S. Ct. 166 (2020).  The Court concluded "that sentencing courts may consider the mandatory minimum sentence imposed under § 924(c) when calculating a just sentence for the predicate offense."  *Id.* (citing *Dean*, 137 S. Ct. at 1176-77).  Settle argues that *Dean* mandates that this Court reconsider whether his § 922(g) sentence should run concurrently with his state sentence.

As a general matter, a federal prisoner may "challenge . . . the validity of [his] federal conviction or sentence" only by way of a motion under § 2255.  *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).  However, he may advance such a challenge under § 2241 if he establishes, pursuant to § 2255's "savings clause," that a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam) (in second quotation, quoting 28 U.S.C. § 2255(e)).  A petitioner who asserts that his sentence was "misapplied" will meet the savings clause standard where he shows: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."  *Hill*, 836 F.3d at 595.  The petitioner

---

[1] "Section 924(c) prohibits using or carrying a firearm 'during and in relation to any crime of violence.'"  *United States v. Tibbs*, 685 F. App'x 456, 464 (6th Cir. 2017) (quoting 18 U.S.C. § 924(c)).

bears the burden of proving the inadequacy or ineffectiveness of a remedy under § 2255. *Charles*, 180 F.3d at 756.

As discussed above, Settle filed his first § 2255 petition in 2003, which was denied. He therefore can proceed under § 2241 only if he meets the savings clause requirements. He cannot do so, however, because the ruling in *Dean*, on which he relies, is not retroactively applicable to cases on collateral review. *See Harper v. United States*, 792 F. App'x 385, 393 (6th Cir. 2019), *cert. denied*, 141 S. Ct. 166 (2020) (petitioner's "argument that *Dean* announced a new rule of law that applies retroactively . . . fails"). Because this Court lacks subject matter jurisdiction to hear this case, the Petition is **DISMISSED**. [2]

## APPEAL ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging the imposition of their convictions or sentences need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). However, pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.* In this case, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**. [3]

---

[2] *Dean* is also inapposite to Settle's circumstances because he was not convicted of a firearm offense under § 924(c).

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

4

**IT IS SO ORDERED**.

              **s/ S. Thomas Anderson**
              S. THOMAS ANDERSON
              CHIEF UNITED STATES DISTRICT JUDGE

Date: May 26, 2021.